IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KHALED SAQQA,                                    )
                                                 )
          Petitioner,                            )
                                                 )
     v.                                          )
                                                 )     1:26-cv-01299 (AJT-WBP)
TODD LYONS, *et al.*,                            )
                                                 )
          Respondents.                           )

**ORDER**

Before the Court is Petitioner Khaled Saqqa's's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on May 14, 2026.

Petitioner is a citizen and national of Palestine, who lawfully entered the United States on a B-1/B-2 visitor visa. *Id.* ¶ 26. Following his entry into the United States, Petitioner applied for asylum, and on March 31, 2026, an Immigration Judge ordered Petitioner removed from the United States. *Id.* ¶ 27. Petitioner timely appealed that removal order, which remains pending before the Board of Immigration Appeals. *Id.* Petitioner has been in detention at the Farmville Detention Center since December 2025. *Id.* It is unclear on the present record whether Petitioner has received a bond hearing, and the Court assumes for the purposes of this Order that Petitioner has not received such a bond hearing in light of Respondents' response to the Court's initial Order. *See* [Doc. No. 4].

On May 18, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section

1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Petitioner appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate

the case.


May 18, 2026
Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

3